ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>Petitioners,<br><br>v.<br><br>U.S. Environmental Protection Agency, et al.,<br><br>Respondents. | No. 26-1132 and consolidated cases |

**EPA'S REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME AND OPPOSITION TO OBLIGATED-PARTY PETITIONERS' MOTION**

The Court should grant EPA's Motion for Extension of Time to File Proposed Briefing Formats, Dkt. 2197539. On October 9, 2026, EPA sought a modest extension of the deadline for the parties to file proposed briefing formats from October 16, 2026 to November 13, 2026. EPA filed the Motion five days before the existing deadline, and the Clerk properly entered an order suspending the deadline for briefing formats. Dkt. 2198349. Petitioner Center for Biological Diversity (the "Center") opposed the Motion, Dkt. 2198295, and obligated party petitioners ("Refiners") moved for the Court to reconsider and modify the Clerk's order, Dkt. 2198730.

EPA maintains that a November 13, 2026 deadline for the parties to submit proposed briefing formats is appropriate. Reconsideration of the order suspending the prior deadline (which has now passed) is unnecessary. The Court has not yet ruled on EPA's Motion, so it could still enter the deadline that EPA requested and Refiners suggested as an alternative. *See* Dkt. 2198730 at 2, 12. The Court should do so. And the Court should not sever Endangered Species Act issues. *Cf.* Dkt. 2198295 at 2-3.

The Center's and Refiners' extensive filings do not alter the fact that EPA has requested a *modest* extension that will allow time for the parties to minimize their areas of disagreement as to briefing formats. Indeed, EPA's requested extension may ultimately save time by permitting a joint proposal, meeting the

Court's clearly expressed preference. Dkt. 2193441. It will further allow the parties to assess the potential effects of EPA's proposal—published October 16—that proposes to revise the small refinery exemption reallocation volumes that EPA promulgated in the challenged rule. *See* 91 Fed. Reg. 65699 (Oct. 16, 2026). The proposed rule proposes two approaches to reallocate an additional 770 million Renewable Identification Numbers and EPA may extend the 2026 compliance reporting deadline. *Id.* at 65699, 65701.

Moreover, any prejudice that may be suffered by a petitioner due to this short extension is speculative at best. There is no reason to conclude that Refiners' interest in approaching compliance deadlines,[1] Dkt. 2198730 at 6-10, or the Center's interest in federally protected species and habitats, Dkt. 2198295 at 3, will be meaningfully undermined by EPA's requested extension.

Finally, if the Court grants EPA's Motion, the Court should not sever the Center's Endangered Species Act claims. The Center is unlikely to be prejudiced

---

[1] The compliance deadline for 2027 Renewable Fuel Standard obligations is not yet established, and such deadlines are subject to adjustment. *See* 40 C.F.R. § 80.1451(f)(1)(i)(A) (annual compliance report deadline is no earlier than next quarterly reporting deadline after the subsequent compliance year's renewable fuel standards become effective). *See also Wynnewood Ref. Co. v. EPA*, 77 F.4th 767, 779 (D.C. Cir. 2023) ("[T]he Act gives EPA flexibility to craft and adjust a compliance regime in service of the Act's core mandate: to ensure the Act's annual renewable fuel volumes are met.") (citing 42 U.S.C. § 7545(o)(2)(A)(i)).

by this short extension. Moreover, parallel briefing would be an inefficient use of judicial resources by proceeding simultaneously with two separate dockets, schedules, and sets of briefing challenging the same agency action. This is discouraged by both the Circuit's Handbook of Practice and Internal Procedures, § V.A at 24 ("the Court generally will consolidate . . . all petitions for review of agency orders entered in the same administrative proceeding"), and this Court's own order expressing "extreme disfavor" with "repetitious submissions" and where appropriate requiring "a joint brief of aligned parties[.]" Dkt. 2193441 at 2.

For the foregoing reasons, EPA requests that the Court grant EPA's Motion and extend the deadline for the parties to file proposed briefing formats to November 13, 2026.

Respectfully submitted on October 22, 2026.


ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

*/s/ Christopher H. Bell*
Christopher Bell
Laura J. Glickman
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 532-5137 (Bell)
(202) 598-3056 (Glickman)
christopher.bell@usdoj.gov
laura.glickman@usdoj.gov

*Of Counsel:*
Nora Greenglass
Rosemary Kaban
U.S. Environmental Protection Agency

John H. Martin
Wildlife and Marine Resources
Section
U.S. Department of Justice
999 18th Street – South Terrace, Suite
370
Denver, CO 80202
(303) 319-5359
john.h.martin@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 711 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Christopher H. Bell*
Christopher H. Bell